UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD A. REYNOLDS, | ) | CASE NO.1:07CV1962 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| CARLOS GUERRA, ET AL., | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Defendants' Carlos Guerra and Brian Taylor Motion to Dismiss (ECF #7). For the following reasons, the Court denies Defendants' Motion.

Plaintiff Ronald Reynolds alleges he was severely beaten without provocation, and was denied medical attention, by defendants Carlos Guerra and Brian Taylor, while incarcerated in a jail cell in the Second District police station.

Defendants contend Plaintiff has failed to exhaust his administrative remedies by failing to exhaust the grievance process. Because Plaintiff failed to exhaust the administrative remedies, Defendants assert he is barred from bringing suit by the Prison Litigation Reform Act, 42 U.S.C.

1

§1997e and Ohio Revised Code Section §2969.26. Therefore, Defendants contend Plaintiff's claims must be dismissed.

Plaintiff contends the PLRA and O.R.C. §2969.26 apply only to prisoners who were incarcerated at the time they filed their civil actions. Since Plaintiff was not incarcerated at the time he filed this suit, Plaintiff asserts he was not required to exhaust the administrative remedies prior to filing suit.

### Prison Litigation Reform Act (PLRA)

The PLRA, as codified in 42 U.S.C. §1997(e), states in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The PLRA defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997(e)(h).

"The plain language of the PLRA suggest that former prisoners do not fall within its scope as §1997e (a), (e) and (h) suggest speak of those prisoners "confined in a jail, prison or other correction facility" or "incarcerated or detained," a status to be determined at the time the suit is "brought." *Smith v. Franklin*, 227 F.Supp.2d 667, 675 (E.D. Ky. 2002).

The Court recognizes that neither the U.S. Supreme Court nor the Sixth Circuit have determined whether the exhaustion requirements of the PLRA apply to former prisoners. The Sixth Circuit in *Thomas v. Woolum*, 337 F.3d 720, 725 (6th Cir. 2003) *reversed on other grounds by Jones v. Bock*, 127 S. Ct. 910 (2007) *citing Page v. Torrey*, 201 F.3d 1136,1139 (9th

2

Cir.1999), stated without reaching a conclusion on the issue, "... that exhaustion requirement applies only to those who are 'currently detained,' not former prisoners." However, the Courts within this circuit that have examined this issue, including this Court, have determined the PLRA's exhaustion requirement applies only to prisoners incarcerated at the time of filing of their complaint. See *Mabry v. Freeman*, 489 F. Supp.2d 782, (E.D. Mich 2007)("Since Plaintiff was not a prisoner at the time he commenced the present suit, the PLRA's exhaustion requirement does not apply"). See also this Court's Opinion and Order of May 22, 2006 in *DeCosta v. Medina County, et al.*, 1:04cv1118, (ECF #114) ("Therefore, the Court finds that Plaintiff, as a former prisoner, was not required to exhaust her administrative appeals prior to filing suit under §1983.")

Because there is no factual dispute Plaintiff was not incarcerated at the time of the filing of this suit, Plaintiff was not a "prisoner" as required by the plain language of the PLRA and its exhaustion requirements do not apply to Plaintiff. Therefore, Defendants' Motion to Dismiss for failure to exhaust under the PLRA is denied.

### O.R.C. §2969.26

O.R.C. §2969.26 requires inmates in the Ohio penal system follow the appropriate grievance procedure and requires Courts stay any civil actions until completion of the grievance process. It states in pertinent part:

(A) If an inmate commences a civil action or appeal against a government entity or employee and if the inmate's claim in the civil action or the inmate's claim in the civil action that is being appealed is subject to the grievance system for the state correctional institution, jail, workhouse, or violation sanction center in which the inmate is confined, the inmate shall file both of the following with the court:

3

(1) An affidavit stating that the grievance was filed and the date on which the inmate received the decision regarding the grievance.

(2) A copy of any written decision regarding the grievance from the grievance system.

(B) If the civil action or appeal is commenced before the grievance system process is complete, the court shall stay the civil action or appeal for a period not to exceed one hundred eighty days to permit the completion of the grievance system.

Similar to the PLRA, O.R.C. §2969.26 expressly applies to "inmates". O.R.C. §2969.21(D) defines inmate as " a person who is in actual confinement in a state correctional institution or in a county, multicounty, municipal, municipal-county, or multicounty-municipal jail or workhouse or a releasee who is serving a sanction in a violation sanction center."

Nowhere does O.R.C. §2969.26 discuss former inmates and its plain language and definition do not permit an expansive application to former inmates, nor do movants provide the Court with any Ohio case law permitting such an expansive interpretation. Because Plaintiff was not "a person in actual confinement" at the filing of his claims, he does not fall under the definition of "inmate". Therefore, this Court will not expand upon the plain language of O.R.C. §2969.26 and finds it only applies to inmates and not former inmates. Therefore, the Court denies Defendants' Motion to Dismiss under O.R.C. §2969.26.

IT IS SO ORDERED.

___1/7/08___  
Date

*Christopher A. Boyko*  
CHRISTOPHER A. BOYKO  
United States District Judge

FILED
JAN 07 2008
CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.

4